## McCullough v. Weller.

(Decided January 28, 1927.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Contracts—Doubtful Meaning of Counterproposal Prepared by Offeree's Agent Must be Resolved Against Offeree.—Any doubt as to the meaning of a counterproposal prepared by the offeree's agent must be resolved against the offeree.

2. Contracts—Construction Giving Words Real Significance Will be Adopted, as Against One Making Them Meaningless.—All words in a contract should be given some meaning, and, where susceptible to two constructions, that which gives them real significance will be adopted as against one making them meaningless.

3. Vendor and Purchaser—Counterproposal by Offeree Construed as Rejection of Terms of Payment, Not as Offer to Accept Larger Sum Under Such Terms.—A counterproposal by one receiving offer to buy realty, "The offer of $8,000.00 is declined under the above terms and conditions; I will, however, accept $9,000.00 for the property," held to mean that offeree rejected the terms of payment in the offer, not that she agreed to accept $9,000.00 under such terms and conditions.

4. Vendor and Purchaser—Contract to Sell Realty Held Not Consummated by Acceptance of Owner's Counterproposition, Rejecting Amount and Terms of Payment, and Agreeing to Accept Larger Amount.—Acceptance of owner's counterproposition, rejecting amount and terms of payment offered, but agreeing to accept a larger sum for the realty, held not to have consummated

a contract for the sale thereof; there being no meeting of the minds.

HUBBARD & HUBBARD for appellant.

WOODWARD, WARFIELD & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee owns a house and lot in Louisville, Kentucky, which was occupied by appellant under a lease at the time this controversy arose. The lease was soon to expire and appellant, desiring to purchase this or other property, procured the services of a real estate firm for the purpose of purchasing a suitable house.

Marvin M. Evans, the representative of the real estate firm, presented to appellee a written proposition, without disclosing the name of the proposed purchaser, offering to buy her house and lot for the sum of $8,000.00, of which sum $5,500.00 was to be paid in cash and the balance of $2,500.00 at the rate of $36.00 per month, payable over a period of four years and eleven months. A first mortgage for $5,500.000 was to be given to the Louisville Trust Company and the appellee was to be given a second mortgage to secure the balance of $2,500.00.

Appellee declined to accept this proposition, but stated that she would not accept less than $9,000.00 for the property. Evans testified that she agreed to accept $9,000.00, part to be paid in cash and part on time to be secured by a second mortgage. Appellee testified that she refused to sell the property on any other terms than cash and that no commission was to be paid by her. She is corroborated by a witness who was present when the conversation between her and Evans occurred.

After she had declined the written proposition Evans wrote on the margin of the original proposal the following, which appellee signed: "July 22, 1925 The offer of $8,000.00 is declined under the above terms and conditions I will however accept $9,000.00 for the property herein described." The counterproposition was accepted by the appellant, but a dispute arose over the meaning of appellee's counterproposition and, appellee having refused to convey the property, appellant brought this action for specific performance of the contract. The chancellor gave judgment for appellee and dismissed the petition.

The counterproposition as written by Evans was not punctuated. Appellant contends that there should be a period after the word "declined" so that the proposal which she accepted would read as follows: "The offer of $8,000.00 is declined. Under the above terms and conditions I will, however, accept $9,000.00 for the property herein described." Appellee contends that there should be a period after the word "conditions" so that the proposal made by her would read, "The offer of $8,000.00 is declined under the above terms and conditions. I will however, accept $9,000.00 for the property herein described."

The chancellor in a written opinion said:

"'The counterproposal was prepared by plaintiff's agent, and under these circumstances, any doubt as to its meaning must be resolved against plaintiff. Plaintiff argues that, since defendant was declining the original proposal, it was only necessary to say that she declined it and it was entirely unnecessary and superfluous to add to the declination the words, 'under the above terms and conditions;' but that those words are sensible and appropriate when considered as part of the counterproposal.

"It is, of course, the rule that all words in a contract should be given some meaning and that, where words are susceptible of two constructions, one of which gives them real significance, while the other makes them meaningless, the former construction will be adopted.

"I think, however, that the construction put upon this memorandum by defendant does not deprive the words, 'under the above terms and conditions,' of all significance. They were perhaps superfluous, but they were not an unnatural form of expressing the intention which defendant says she had of rejecting any such terms of payment as were included in plaintiff's offer. Furthermore, if we accept plaintiff's construction, we have defendant's counterproposal in the following form: 'Under the above terms and conditions I will, however, accept $9,000.00 for the property therein described.'

"But this counterproposal is itself unintelligible, since the 'terms and conditions' in plaintiff's offer do not cover a total payment of $9,000.00, and it would be impossible to discover from the contract

thus construed how payment for the property was to be made. Was the additional $1,000.00 to become a part of the cash payment? Or was it to be added to the amount of the second lien note which was to be paid off in monthly installments of $36.00? If the former, was this $1,000.00 to be included in the mortgage to the Louisville Trust Company? Or was it to be paid by plaintiff out of other means?

"I think that, upon a mere examination of the paper itself, this case would have to be decided in favor of defendant. And when we come to examine the testimony in the case, I think it becomes clear that there was really no meeting of the minds and consequently no contract."

We concur in these views of the chancellor. The judgment is affirmed.